UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                         FORT MYERS DIVISION


MARCUS ALLEN, M.D.,

        Plaintiff,

v.                                 Case No.: 2:18-cv-00069-JES-MRM

FIRST UNUM LIFE INSURANCE
COMPANY, PROVIDENT LIFE AND
CASUALTY INSURANCE COMPANY
and THE UNUM GROUP,

        Defendants.
_____

                          **OPINION AND ORDER**

        This matter comes before the Court on review of Plaintiff's Motion Requesting Jury Instruction Addressing Shift of Burden of Proof Regarding Disability to Defendants and Incorporated Memorandum of Law (Doc. #170) filed on June 28, 2021. Defendants filed an Opposition in Response (Doc. #189) on July 22, 2021, to which Plaintiff filed a Reply (Doc. #199) on July 29, 2021.

        Dr. Allen's motion requests that this Court instruct the jury that under Florida law when an insurer pays benefits under a disability policy and later terminates the benefits, the insurer has the burden to prove by a preponderance of the evidence that the insured's disability has ceased. (Doc. #170, p. 1-3, citing Shaps v. Provident Life & Accident Ins. Co., 826 So. 2d 250, 254 (Fla. 2002)). As the Court has found (Doc. #205, pp. 40-43), this

is a correct statement of the law. See Shaps v.Provident Life & Acc. Ins. Co., 317 F.3d 1326, 1130 (11th Cir. 2003). It is also factually undisputed that Defendants paid Dr. Allen monthly disability benefits for approximately five years prior to determining he was no longer totally disabled and terminating his benefits. (Doc. #179, pp. 18-19.) Therefore, under Florida law Defendants bear the burden of demonstrating by a preponderance of the evidence that the Dr. Allen's disability ceased and that he no longer qualified for disability benefits under the Individual Policies. The Court anticipates a jury instruction to this effect, to be determined at a jury charge conference.

Plaintiff's motion also seeks to preclude "Defendants from arguing (1) that Dr. Allen is not entitled to judgment of back benefits from date of termination to the date of judgment; and (2) that Dr. Allen must effectively demonstrate that he continued to be totally disabled any time after Defendants terminated his benefits to the date of judgment." (Doc. #170, pp. 1-2.) Defendants argue that under New York law Plaintiff would only be entitled to accrued benefits due and owing at the time he filed this lawsuit (with prejudgment interest), but not future benefits that continue to the date of judgement. (Doc. #189, pp. 3-4, citing Wurm v. Commer. Ins. Co., 766 N.Y.S. 2d 8, 12 (App. Div. 2003).)

The second aspect of the motion is granted to the extent it seeks to preclude Defendants from arguing Dr. Allen has the burden

of proof as to this element of the case.  Under the circumstances of this case, that burden is on Defendants.

The first aspect of the motion is denied.  Defendants may indeed argue "that Dr. Allen is not entitled to judgment of back benefits from date of termination to the date of judgment" for any number of reasons other than that the law precludes such damages. The Court is satisfied that New York law allows recovery of damages for breach of an installment agreement such as a monthly disability benefits insurance policy from the date of breach to the date of verdict/judgment.  See, e.g., Locher v. Unum Life Ins. Co. of Am., 389 F.3d 288, 297-98 (2d Cir. 2004) (affirming the district court's finding that the plaintiff was entitled to past due benefits from the date of disability to the date of judgment); Durso v. First Unum Life Ins. Co., No. 03-CV-1628 (SLT)(RML), 2009 U.S. Dist. LEXIS 153870, at *56 (E.D.N.Y. Sep. 30, 2009) (where the insurer improperly terminated the plaintiff's long term disability benefits, plaintiff was entitled to past due benefits from date of the breach of insurance contract to the date of judgment); Blasbalg v. Mass. Cas. Ins. Co., 962 F. Supp. 362, 370 (E.D.N.Y. 1997)(the Court stated if necessary it would retain jurisdiction to determine the amount the plaintiff was to receive from the date of disability to the date of the judgment).

Accordingly, it is now

**ORDERED:**

Plaintiff's Motion Requesting Jury Instruction Addressing Shift of Burden of Proof Regarding Disability to Defendants (Doc. #170) is **GRANTED IN PART AND DENIED IN PART** as set forth above.

**DONE AND ORDERED** at Fort Myers, Florida, this __23rd__ day of February, 2022.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Counsel of record