UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

MARCUS ALLEN, M.D.,

    Plaintiff,

v.                      Case No.: 2:18-cv-00069-JES-MRM

FIRST UNUM LIFE INSURANCE
COMPANY, PROVIDENT LIFE AND
CASUALTY INSURANCE COMPANY
and THE UNUM GROUP,

    Defendants.
_____

**OPINION AND ORDER**

This matter comes before the Court on review of defendants' Motion to Strike Fourth Amended Complaint and For Attorney's Fees With Supporting Memorandum of Law (Doc. #261) filed on May 6, 2022. Plaintiff filed a Response in Opposition (Doc. #265) on May 18, 2022. For the reasons set forth below, the motion is denied.

I.

This case involves a dispute concerning five disability income insurance policies covering plaintiff Dr. Marcus Allen (Plaintiff or Dr. Allen) issued by Provident Life and Casualty Insurance Company (Provident) or First Unum Life Insurance Company (First Unum) and The Unum Group (Unum Group) (collectively Defendants). Four of the policies are individual disability

insurance policies (the Individual Policies), while the fifth policy is a group disability insurance policy (the Group Policy). (Doc. #87, ¶¶ 17-45.)

On February 17, 2022, the Court issued an Opinion and Order on summary judgment as to the Second Amended Complaint (SAC), finding among other things that Dr. Allen's Group Policy was governed by the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001 et seq. (ERISA) and bifurcated the proceedings on Count 1[1] of the SAC and any third amended complaint. (Doc. #205, p. 47.) Plaintiff filed a Third Amended Complaint (TAC) setting forth his ERISA claim on March 2, 2022. (Doc. #211.) On April 11, 2022, Defendants filed their Answer and Affirmative Defenses to the TAC. (Doc. #246.) Defendants also filed a motion for summary judgment on Counts I and II of the TAC on April 22, 2022. (Doc. #248.)

On May 2, 2022, Dr. Allen filed a Fourth Amended Complaint (FAC). (Doc. #250.) Defendants filed their motion to strike arguing that while the Court authorized the filing of a TAC, it did not contemplate any further amendments. (Doc. #261, p. 2.) Defendants assert that the Court-ordered amendment deadline in this case expired in June 2018, therefore Dr. Allen cannot rely on Federal

---

[1] Count 1 of the SAC set for Dr. Allen's breach of contract claims concerning his Individual Policies, while Count 2 alleged that Defendants breached their obligations under his Group Policy. (Doc. #87, pp. 29, 32.)

Rule of Civil Procedure 15(a)(1) but must instead seek the Court's leave to further amend his complaint and show "good cause" for doing so. (Id.) Defendants argue, however, that because Dr. Allen failed to obtain the Court's permission or Defendants' consent, the FAC is an unauthorized filing that is due to be stricken. (Id., p. 3.) Defendants also request reasonable attorney's fees expended for this motion.  (Id.)

Dr. Allen responds that he filed the FAC within twenty-one days of service of Defendants' Answer and therefore it is timely pursuant to Rule 15(a)(1)(B), which permits amendment in this situation. (Doc. #265, p. 3.)  Dr. Allen argues that Defendants' assertion that any of the prior Case Management and Scheduling Orders' deadlines apply is meritless and belied by the fact that (1) the Court granted leave and directed Plaintiff to file a new complaint for his ERISA cause of action, (2) the Court stated it would issue a separate Case Management and Scheduling Order as to the TAC, and (3) that Defendants filed their motion for summary judgment on the TAC on April 22, 2022, which exceeds any dispositive motions deadlines set in previous scheduling orders. (Id.; Doc. #205, p. 47.)  Dr. Allen further argues that even if he was required to seek leave from the Court, Defendants' motion should be denied in the absence of any prejudice to Defendants. (Id., p. 7.)  Plaintiff also seeks attorney's fees expended in opposing this motion. (Id., p. 8.)

II.

Rule 15(a) of the Federal Rules of Civil Procedure allows a plaintiff to file one amended complaint as a matter of course, if the amended complaint is filed either within 21 days of service of the original complaint or within 21 days of the defendant's filing of a responsive pleading or Rule 12 motion to dismiss. See Fed. R. Civ. P. 15(a)(1)(A)-(B). Amended complaints outside of these time limits may be filed only "with the opposing party's written consent or the court's leave." See Fed. R. Civ. P. 15(a)(2).

The Court finds that Plaintiff permissibly filed his FAC in compliance with Rule 15(a)(1)(B) since it was filed within twenty-one days of Defendants' Answer and declines to strike Plaintiff's FAC on this basis. The parties in this matter are well aware that Plaintiff's non-ERISA governed claims were bifurcated from other claims, that Plaintiff was provided an opportunity to file a third amended complaint as to his ERISA claim, and that the Court has yet to set a Case Management and Scheduling Order as the TAC. Thus, any previous amendment date, i.e., June 2018, is not applicable to the TAC.

Alternatively, Rule 15 provides that "[t]he court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). Absent "undue delay, bad faith, dilatory motive or undue prejudice, leave to amend is routinely granted." Forbus v. Sears Roebuck & Co., 30 F.3d 1402, 1405 (11th Cir. 1994) (citing

Foman v. Davis, 371 U.S. 178, 182, 83 S. Ct. 227, 9 L. Ed. 2d 222 (1962)). According to Dr. Allen, the FAC does not assert any new cause of action, rather the FAC clarifies the Defendants' respective roles in the administration of his claim under the Group Policy and deletes allegations not pertinent to ERISA.  (Doc. #265, p. 2.)  The Court thus finds that good cause exists for Dr. Allen to amend his complaint and that there is no undue delay or prejudice.  Defendants' motion is therefore denied.

The Court also declines to award attorney's fees at this time. Accordingly, it is hereby

**ORDERED**:

1. Defendants' Motion to Strike Fourth Amended Complaint and For Attorney's Fees With Supporting Memorandum of Law (Doc. #261) is hereby **DENIED.**

2. Defendants' Dispositive Motion for Summary Judgment With Supporting Memorandum of Law on Counts I and II of the Third Amended Complaint (Doc. #248) is **DENIED as moot.**

3. Defendants shall answer the Fourth Amended Complaint within **TEN (10) DAYS** of this Order in accordance with Judge McCoy's May 19, 2022 Order. (Doc. #266.)

4. Defendants may refile any dispositive motions as to the Fourth Amended Complaint within **TWENTY-ONE (21) DAYS** after filing their answer pursuant to Judge McCoy's Order.

**DONE and ORDERED** at Fort Myers, Florida, this ___24th___ day of May, 2022.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Counsel of Record