```
                  UNITED STATES DISTRICT COURT
                   MIDDLE DISTRICT OF FLORIDA
                      FORT MYERS DIVISION
```

MARCUS ALLEN, M.D.,

    Plaintiff,

v.                                   CASE NO. 2:18-cv-69-FtM-99NPM

FIRST UNUM LIFE INSURANCE
COMPANY, PROVIDENT LIFE AND
CASUALTY INSURANCE COMPANY
and UNUM GROUP,

    Defendants.

_____

**OPINION AND ORDER**

    This matter comes before the Court on review of plaintiff's Renewed Motion For Judgment as a Matter of Law (Doc. #286) filed on March 1, 2023. Defendants filed a Memorandum in Opposition (Doc. #290) on March 14, 2023.

**I.**

    On March 22, 2022, a jury trial began on plaintiff Dr. Marcus Allen's (Plaintiff or Dr. Allen) breach of contract claim set forth in Count I of the Second Amended Complaint. (Doc. #87.) In this Count, Plaintiff alleged that defendants Provident Life and Casualty Insurance Company (Provident) and Unum Group (Unum) (collectively Defendants) breached their obligations under four individual disability income insurance contracts (the Individual Policies) when they determined Dr. Allen was no longer totally

disabled from his occupation as a diagnostic radiologist and terminated his disability income benefits effective August 22, 2015. (Id., p. 29.)

The jury rendered its verdict on March 28, 2022, finding that Defendants had proven that Dr. Allen was no longer totally disabled under the Individual Policies as of August 22, 2015. (Doc. #243.) On February 9, 2023, Judgment was entered in favor of Defendants as to Count I and Plaintiff took nothing. (Doc. #282.)

Plaintiff made oral and/or written motions for judgment as a matter of law pursuant to Fed. R. Civ. P. 50(a) at the appropriate times during trial. (Docs. ##237-239.) Plaintiff argued that Defendants did not meet their burden in showing that he was no longer totally disabled (*after* August 22, 2015) as defined under each individual disability insurance policy. The Court denied Plaintiff's motions, stating that under the "liberal [motion for judgment as a matter of law] standard", a reasonable jury could render a verdict in Defendants' favor. (Doc. #241; Doc. #259, pp. 150-51.)

Plaintiff now renews his motion for judgment as a matter of law as to Count I, arguing that a reasonable jury did not have a legally sufficient basis to find in favor of Defendants, and therefore the Court should enter judgment in favor of Plaintiff notwithstanding the verdict. (Doc. #286, pp. 1-3.) Defendants respond that Plaintiff's renewed motion should be denied because

2

Plaintiff has failed to overcome Rule 50(b)'s onerous requirements for overturning a jury's verdict. (Doc. #290, p. 1.) For the reasons set forth below, the Court agrees with Defendants and denies Plaintiff's motion.

## II.

Federal Rule of Civil Procedure 50(b) allows a party to renew a motion for judgment as a matter of law made pursuant to Rule 50(a) following entry of a jury verdict. See Fed. R. Civ. P. 50(b). Rule 50(b) provides, in pertinent part:

> (b) If the court does not grant a motion for judgment as a matter of law made under Rule 50(a), the court is considered to have submitted the action to the jury subject to the court's later deciding the legal questions raised by the motion. . . . In ruling on the renewed motion, the court may:
>
> (1) allow judgment on the verdict, if the jury returned a verdict; (2) order a new trial; or (3) direct the entry of judgment as a matter of law.

Fed. R. Civ. P. 50(b).

A renewed motion under Rule 50(b) must be based on the same grounds as the earlier Rule 50(a) motion. Connelly v. Metro. Atlanta Rapid Transit Auth., 764 F.3d 1358, 1363 (11th Cir. 2014). When considering a Rule 50(b) motion, the Court determines whether the record — viewed in the light most favorable to the prevailing party — points so overwhelmingly in favor of the opposing side that the jury's verdict cannot stand. Yates v. Pinellas Hematology & Oncology, P.A., 21 F.4th 1288, 1298 (11th Cir. 2021). "Stated

differently, the verdict will be set aside only if no reasonable jury could have arrived at it." Id.  Where there is substantial evidence in the trial record that would allow reasonable minds to reach different conclusions, judgment as a matter of law is not appropriate.  Mee Indus. v. Dow Chem. Co., 608 F.3d 1202, 1211 (11th Cir. 2010).  The Court does not weigh the evidence or make credibility determinations in determining such a renewed motion. Brown v. Ala. Dept. of Transp., 597 F.3d 1160, 1173 (11th Cir. 2010).

In the renewed Motion, Plaintiff argues that the jury was instructed as a matter of law "that Dr. Allen adequately performed his obligations under the terms of the four Individual Policies through August 22, 2015" and because Dr. Allen was "totally disabled"[1] under each of the Individual Policies, he received disability benefits prior to and through August 22, 2015. (Doc. #286, p. 3.)  Plaintiff asserts, however, that Defendants failed to present any evidence showing that *after* August 22, 2015 he was no longer suffering from the same "sickness", i.e., glare and

---

[1] The jury was instructed that Policies 1, 2, and 3 define "Total Disability" as when "due to "Injuries or Sickness: you are not able to perform the substantial and material duties of your occupation; and you are under the care and attendance of a Physician." (Doc. #235, p. 8.) As to Policy 4, the jury was instructed that the definition of "Total Disability" is "Injuries or Sickness: you are not able to perform the substantial and material duties of your occupation; and you are receiving care by a Physician which is appropriate for the condition causing the disability." (Id., pp. 8-9.)

4

floaters in both of his eyes that obstructed his vision, which rendered him totally disabled as a matter of law prior to August 22, 2015. Rather, Plaintiff argues that the testimonial evidence offered by both sides confirmed Dr. Allen continued to suffer from the same "sickness" that rendered him unable to perform the substantial and material duties of his occupation as a radiologist. (Id., pp. 3-8.) Plaintiff also argues that the evidence presented regarding the possible effects of vitrectomy surgery on his eyes was insufficient to demonstrate he was no longer totally disabled. (Id., pp. 8-9.) Plaintiff therefore concludes that because a reasonable jury did not have a legally sufficient basis to find for Defendants, the Court should enter judgment in his favor notwithstanding the verdict. (Id., p. 3.)

Defendants respond that the ultimate question presented at trial was one of credibility – i.e., did Dr. Allen's eye condition (floaters) prevent him from performing his occupation as a radiologist? – which the jury determined was not the case. (Doc. #290, p. 2.) Defendants point to various record evidence which showed Dr. Allen's floaters existed many years prior to his disability claim, that his own treating physicians found Dr. Allen's complaints to be inexplicable or exaggerated, and that Dr. Allen elected not to undergo a vitrectomy to correct his vision. (Id., pp. 3-5.) According to Defendants, the jury weighed the evidence and chose not to believe that Dr. Allen continued to be

5

disabled from the floaters such that he could not perform his former occupation. Because the jury's verdict was well-supported, Defendants assert that Plaintiff's motion should be denied.

As typical in a jury trial, contradictory evidence was presented to the jury and required the jury to make factual determinations to resolve the conflicting evidence. Indeed, the jury was presented evidence from Drs. Kay, Hoepner, and DiLoreto about the ongoing existence of floaters in Dr. Allen's eyes. On the other hand, the jury also considered evidence from Drs. Andrew and Schwartz that implied Dr. Allen's subjective complaints about the severity of his symptoms were "out of proportion" and inexplicable. While Plaintiff argues that no evidence showed that he was no longer suffering from the same sickness that rendered him totally disabled, the jury had sufficient evidence to reasonably conclude otherwise. Viewing the evidence and inferences in a light most favorable to Defendants in accordance with Rule 50(b), the Court denies Plaintiff's motion.

Accordingly, it is now

**ORDERED**:

1. Plaintiff's Renewed Motion For Judgment as a Matter of Law (Doc. #286) is **DENIED**.

**DONE AND ORDERED** at Fort Myers, Florida, this __20th__ day of March, 2023.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Counsel of record